# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | § |
| | § |
| WITZKE, EDWARD | §    Case No. 09-09641 SQU |
| WITZKE, KIMBERLY M | § |
| | § |
| Debtor(s) | § |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 03/20/2009 . The undersigned trustee was appointed on 03/20/2009 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of    $    11,224.78

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Administrative expenses | 0.00 |
| Payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 11,224.78 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) (Page 1)

6. The deadline for filing claims in this case was 10/07/2009 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,872.48 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,872.48 , for a total compensation of $ 1,872.48 . In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 .

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/15/2010             By:/s/BRENDA PORTER HELMS, TRUSTEE
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Page

| Case No: | 09-09641 | SQU | Judge: JOHN SQUIRES | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|---|---|
| Case Name: | WITZKE, EDWARD | | | Date Filed (f) or Converted (c): | 03/20/09 (f) |
| | WITZKE, KIMBERLY M | | | 341(a) Meeting Date: | 05/12/09 |
| For Period Ending: 02/16/10 | | | | Claims Bar Date: | 10/07/09 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) Gross Value of Remaining Assets |
| 1. Insurance proceeds | 0.00 | 0.00 | | 11,223.00 | |
| 2. Post-Petition Interest Deposits (u) | Unknown | N/A | | 1.78 | Unknown |
| 3. REAL PROPERTY | 135,500.00 | 0.00 | | 0.00 | FA |
| 4. BANK ACCOUNTS | 3,241.00 | 0.00 | | 0.00 | FA |
| 5. INTERESTS IN INSURANCE POLICIES | 510.00 | 0.00 | | 0.00 | FA |
| 6. PENSION PLANS AND PROFIT SHARING | 540.00 | 0.00 | | 0.00 | FA |
| 7. LAWSUIT V. EMPLOYER | Unknown | Unknown | | 0.00 | FA |
| 8. AUTOMOBILES AND OTHER VEHICLES | 3,000.00 | Unknown | | 0.00 | FA |
| 9. AUTOMOBILES AND OTHER VEHICLES | 750.00 | Unknown | | 0.00 | FA |

| | | | | | Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $143,541.00 | $0.00 | | $11,224.78 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/30/09     Current Projected Date of Final Report (TFR): 06/30/10

/s/ BRENDA PORTER HELMS, TRUSTEE
_____ Date: 02/16/10
BRENDA PORTER HELMS, TRUSTEE

Exhibit A

PFORM1

Ver 15.005

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 09-09641 -SQU | | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|---|
| Case Name: | WITZKE, EDWARD | | Bank Name: | BANK OF AMERICA, N.A. |
| | WITZKE, KIMBERLY M | | Account Number / CD #: | *******7831 Money Market - Interest Bearing |
| Taxpayer ID No: | *******5070 | | | |
| For Period Ending: | 02/16/10 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 07/17/09 | 1 | Kimberly & Edward Witzke | insurance proceeds | 1129-000 | 11,223.00 | | 11,223.00 |
| 07/31/09 | 2 | BANK OF AMERICA, N.A. | INTEREST REC'D FROM BANK | 1270-000 | 0.07 | | 11,223.07 |
| 08/31/09 | 2 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.29 | | 11,223.36 |
| 09/30/09 | 2 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.28 | | 11,223.64 |
| 10/30/09 | 2 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.28 | | 11,223.92 |
| 11/30/09 | 2 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.29 | | 11,224.21 |
| 12/31/09 | 2 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.29 | | 11,224.50 |
| 01/29/10 | 2 | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.28 | | 11,224.78 |

Total Of All Accounts   11,224.78

Exhibit B

PFORM24   Ver: 15.00b

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-09641 SQU
Case Name: WITZKE, EDWARD
              WITZKE, KIMBERLY M
Trustee Name: BRENDA PORTER HELMS, TRUSTEE

Claims of secured creditors will be paid as follows:

| Claimant | Proposed Payment |
|---|---|
| Ford Motor Credit Company LLC | $ 0.00 |
| | $ |
| | $ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| Trustee: BRENDA PORTER HELMS, TRUSTEE | $ 1,872.48 | $ 0.00 |
| Attorney for trustee: | $ | $ |
| Appraiser: | $ | $ |
| Auctioneer: | $ | $ |
| Accountant: | $ | $ |
| Special Attorney for trustee: | $ | $ |
| Charges: | $ | $ |
| Fees: | $ | $ |
| Other: | $ | $ |
| Other: | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

|                      | Reason/Applicant | Fees | Expenses |
|----------------------|------------------|------|----------|
| Attorney for debtor: |                  | $    | $        |
| Attorney for:        |                  | $    | $        |
| Accountant for:      |                  | $    | $        |
| Appraiser for:       |                  | $    | $        |
| Other:               |                  | $    | $        |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|--------------|----------|-----------------------|------------------|
|              |          | $                     | $                |
|              |          | $                     | $                |
|              |          | $                     | $                |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 24,003.40 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 39.0 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant            | Allowed Amt. of Claim | Proposed Payment |
|--------------|---------------------|-----------------------|------------------|
| 000002       | Chase Bank USA NA   | $ 5,938.74            | $ 2,313.88       |
| 000003       | Chase Bank USA, N.A.| $ 5,812.88            | $ 2,264.84       |
| 000004       | Chase Bank USA NA   | $ 7,315.36            | $ 2,850.24       |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000005 | PYOD LLC Assigne of Citibank | $ 2,112.72 | $ 823.16 |
| 000006 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 2,823.70 | $ 1,100.18 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00 .